1  TERRACE ELLIS, PLAINTIFF
   1617 FOXWORTHY AVENUE
2  SAN JOSE, CA 95118
   Telephone: (408) 621-6210
3  Email: sunhomme@gmail.com

E-filing

4

5

6

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9

10  TERRACE ELLIS                    )    Case No. CV 15 2702 NC
                                     )
11              Plaintiff.           )    COMPLAINT AND DEMAND FOR JURY TRIAL
                                     )    VIOLATIONS OF TELEPHONE CONSUMER
12       v.                          )    PROTECTION ACT 47 U.S.C. § 227
                                     )
13  NATIONAL RENEWABLE               )    Demand Exceeds $25,000
    ENERGY CENTER ; AND              )
14  DOES 1-20                        )
                                     )
15              Defendant.           )
                                     )
16  _____  )

17

18                    PLAINTIFF'S COMPLAINT

19  Plaintiff alleges the following against National Renewable Energy Center and Does 1-20

20  (Defendants):

21                         INTRODUCTION

22  1.  Count 1 of Plaintiff's Complaint is based on violations of *47 U.S.C. § 227*, the Telephone

23  Consumer Protection Act (TCPA).

24                    JURISDICTION AND VENUE

25  2.  The jurisdiction of this Court is conferred by *47 U.S.C. §227 (b)(3)*.

26  3.  Venue is proper in this District pursuant to *28 U.S.C. §1391b*.  Venue in this District is

27  proper in that the Plaintiff resides here, the Defendant transacts business here, and the

28

                              -1-

            COMPLAINT AND DEMAND FOR JURY TRIAL

conduct complained of occurred here.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

6. Upon information and belief, Defendant is a California company authorized to conduct business in California.

7. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiff is informed and believes and based on such information and belief avers that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

## FACTUAL ALLEGATIONS

8. The TCPA (47 U.S.C. § 227) was enacted by Congress in 1991 to address the volume of unwanted phone calls made and faxes and text messages sent to the public.

9. The TCPA §227(b)(1)(A) makes it "unlawful for any person within the United States…to make **any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…". (emphasis added)

10. In October 2013, the Federal Communications Commission(FCC) further restricted

COMPLAINT AND DEMAND FOR TRIAL BY JURY

telemarketer's unwanted calls by requiring any telephone call or text message that includes an advertisement or constitutes telemarketing, using an automatic telephone dialing system (ATDS or auto-dialer) or artificial or prerecorded voice, be made only with the prior express *written* consent of the called party.

11.  The FCC concluded that a consumer's written consent to receive an auto dialed telemarketing call to a wireless number is required and that the consent must be signed and be sufficient to show that the consumer (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. *(See 2012 TCPA order, 27 FCC Rcd at 1844, para 33)*

12.  Moreover, the new FCC rules also removed the established business relationship exemption from prerecorded telemarketing calls to **residential lines**. This exemption never applied to calls made to cell phones.  Effective October 2013, all telemarketers were required to obtain the consumer's prior express written consent in order to initiate calls to cell phones using an ATDS. This requirement, which also applies to affiliates, exists regardless of whether there is a purported existing business relationship with the consumer.

13.  Under the TCPA, litigants can seek injunctive relief; actual damages or both (47 U.S.C. § 227(B)(3).  Courts also have the discretion to treble damage awards if a violation of the act is "willful and knowing"; i.e. each violation of the act could be increased from $500 to $1500 in the court's discretion.

14. Defendant NREC willfully or knowingly violated the TCPA in that its frequent calls to Plaintiff were not made in error, were conscious, deliberate and voluntarily made.

15. From November 25, 2014 thru January 8, 2015, Defendant NREC violated the TCPA by placing 16 telemarketing phone calls to Plaintiff's cell phone attempting to market energy savings products or services.

-3-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

16. Defendant NREC used an automatic telephone dialing system to place each of these calls.

17. When Plaintiff answered the phone she heard a pause, click and then a representative of NREC came on the line attempting to market solar services or products to Plaintiff.

18. Defendant NREC was never given "prior express written consent" to contact Plaintiff's cell phone number 408-621-6210.

19. Each representative responded in the affirmative when Plaintiff asked if they were calling from an auto dialer.

20 . Each representative was told by Plaintiff that she was not interested in their products/services and was asked to add Plaintiff's name to NREC's do not call list. Plaintiff also advised them that she was on the national Do Not Call list as of June 30, 2003.

21. On December 9, 2014, Plaintiff asked NREC to cease calls to her cell phone number; however the Defendant continued to make 14 additional calls.

22. NREC placed repeated calls to Plaintiff's cell phone number from telephone numbers 408-264-2757, 408-264-3422, and 408-264-3227.

Plaintiff was told by NREC representatives that NREC obtained her number from "public information" and that they were "calling all PGE and Edison customers." Representatives also said they were not certain Plaintiff's number could be "removed from their auto dialer".

23. NREC has an "F" rating with the Better Business Bureau (BBB). Eighty-five (85) complaints have been lodged against them with the BBB over the past few years, more than a third of which result from their harassing, unwanted phone calls.

## COUNT 1

## DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff re-alleges paragraphs 1-23 as though fully set forth herein.

25. Defendant NREC demonstrated willful or knowing non-compliance with 47 U.S.C. §227

COMPLAINT AND DEMAND FOR TRIAL BY JURY

(b)(1)(A) by using an automatic telephone dialing system to call Plaintiff's number, which is assigned to a cellular telephone service.

26.  Defendant has committed 16 separate violations of 47 U.S.C. §227 (b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227 (b)(3)(B). Defendants have demonstrated willful or knowing non-compliance with 47 U.S.C. 227(b)1)(A).  Defendants did not have prior express consent when they used an automatic telephone dialing system to place 16 calls from November 25, 2014 thru January 8, 2015.

27.  Plaintiff is entitled to damages against Defendants for actual and statutory damages, and costs pursuant to *47 U.S.C. §227(b)3 & (c)5.*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

Actual damages pursuant to *47 U.S.C. §227(b)(3)(B).*

Statutory damages pursuant to *47 U.S.C. §227(b)(3)(c).*

Punitive damages, costs, reasonable attorney's fees, and for such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: June 15, 2015

By: _____ Terrace Ellis

COMPLAINT AND DEMAND FOR TRIAL BY JURY